United States v. Knowles

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of November, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                     *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          16-4134

ALONZO KNOWLES, AKA JEFF MOXEY,

                     *Defendant-Appellant*.
_____

Appearing for Appellant:     Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:      Kristy J. Greenberg, Assistant United States Attorney (Brian R. Blais, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Alonzo Knowles appeals from a judgment of conviction of the United States District Court for the Southern District of New York  (Engelmayer, *J.*) sentencing him principally to 60 months' imprisonment following his guilty plea to one count of criminal copyright infringement in violation of 18 U.S.C. § 2319(b)(1) and one count identity theft in violation of 18 U.S.C. § 1028(a)(7). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393-94 (2d Cir. 2014) (internal quotation marks omitted).  Here, Knowles argues his sentence is substantively unreasonable. Review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).  "A sentence is substantively unreasonable if it cannot be located within the range of permissible decisions." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017) (internal quotation marks omitted). "Our review is limited because the district court is in a different fact finding position, which allows it to interact directly with the defendant, thereby gaining insights that are not always conveyed by a transcript." *Id.* "Our review of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a)." *Id.*  These factors include: (1) the need for the sentence to reflect the seriousness of the offense and to promote respect for the law; (2) the need for "just punishment for the offense;" (3) the need to  "afford adequate deterrence to criminal conduct;" and (4) the need to "protect the public from further crimes of the defendant." *Id.* at 187-188 (quoting 18 U.S.C. § 3553(a)).

Knowles argues that the district court failed to properly weigh the factors. He argues the district court placed too much weight on the specific deterrence factor based on emails that Knowles sent from prison that the district court found indicated Knowles's willingness to reoffend. Knowles admits the emails were ill advised, but he argues they were simply a misguided attempt to impress a woman. However, the district court's thorough colloquy during sentencing makes clear that while the emails played some role in the district court's decision to impose an above-Guidelines sentence, they were not the only factor. Rather, the colloquy makes clear that the district court thought the Guidelines failed to properly account for the "gravely serious" nature of Knowles's offense conduct, and that "[a] significant upward departure is needed for this reason alone." App'x at 400, 405. In particular, with regard to the identify theft count,  the district court was concerned that the Guidelines failed to assign any weight to the emotional harm associated with stealing a celebrity's personal information, including sexually explicit materials. The district court also thought it "important that when a hacker from outside the United States is caught, the punishment be meaningful to convey to others who operate from afar, so that even if the likelihood of apprehension may not be great, the consequences will be." App'x at 407-08.

2

We have considered the remainder of Knowles's arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk